UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **RICKY JONES** | * | CIVIL ACTION NO.: _____ |
| | * | |
| **VERSUS** | * | SECTION: _____ |
| | * | |
| **MICHAEL WOODS, ROLLINS, INC.** | * | JUDGE: _____ |
| **D/B/A ORKIN PEST CONTROL, AND** | * | |
| **ABC INSURANCE COMPANY** | * | MAGISTRATE JUDGE: _____ |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF REMOVAL

**TO:** THE HONORABLE JUDGES OF THE
UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF LOUISIANA

**NOW INTO COURT**, through undersigned counsel, comes Defendant, Orkin, LLC., who, pursuant to 28 U.S.C.A. §§ 1332, 1441, and 1446, hereby removes Case No. 2022-5899 from the Civil District Court for the Parish of Orleans, State of Louisiana, to the United States District Court for the Eastern District of Louisiana on the basis of diversity jurisdiction, for the reasons more fully set forth below.

**1.**

Plaintiff filed a Petition for Damages in the Civil District Court for the Parish of Orleans, State of Louisiana, entitled "*Ricky Jones v. Michael Woods and Orkin, LLC*," assigned Docket No. 2022-5899 ("the Lawsuit").

**2.**

In the Lawsuit, Plaintiff seeks damages for "severe and disabling personal injuries, including, but not limited to, head (brain), loss of consciousness, back, neck, left shoulder, and right knee" allegedly sustained as the result of a July 7, 2021 motor vehicle accident in Orleans

Parish, Louisiana.[1] More specifically, Plaintiff seeks damages for (1) past, present and future physical pain and suffering, (2) past, present, and future mental pain and suffering, (3) past, present, and future permanent disability, (4) past and future lost wages, (5) loss of earning capacity, (6) medical expenses, (7) property damages, (8) rental expenses, and (9) loss of consortium.[2]

3.

Plaintiff, Ricky Jones, is a person of full age and majority domiciled in the Parish of Orleans, State of Louisiana.[3]

4.

Defendant, Orkin, LLC, is a Delaware corporation with its domicile in New Castle, Delaware, and its principal place of business in Atlanta, Georgia.[4] Orkin, LLC is a wholly owned subsidiary of Rollins, Inc., a publicly held corporation with its domicile in New Castle, Delaware, and its principal place of business in Atlanta, Georgia.[5]

5.

Plaintiff incorrectly named Defendant, Michael Woods, as a party to this case alleging that he was the driver of the vehicle involved in the accident with Ricky Jones on September 2, 2021. Plaintiff's lawsuit alleges that Woods is a domiciliary of Orleans Parish.[6] Undersigned counsel immediately (on August 16, 2022) informed Plaintiff's counsel that Damien Pelrean was – in fact – the correct driver involved in the accident at issue.[7] Additionally, Michael Woods was

---

[1] Plaintiff's First Amended Petition for Damages, filed September 22, 2022, and Plaintiff's Petition for Damages, filed July 1, 2022, attached hereto *in globo* and marked as "Exhibit A," at ¶ 7 and 12 on First Amended Petition for Damages.
[2] "Exhibit A," at ¶ 5.
[3] "Exhibit A," at ¶ 1.
[4] Secretary of State Profile (Orkin, LLC), attached hereto and marked as "Exhibit B."
[5] Secretary of State Profile (Rollins, Inc.), attached hereto and marked as "Exhibit C."
[6] "Exhibit A," at ¶ 2.
[7] Email, August 16, 2022 at 5:21 PM, attached hereto and marked as "Exhibit D."

not an occupant of the vehicle involved in the accident, at the scene of the accident, or otherwise involved in the accident in any manner.[8] Undersigned counsel has provided Plaintiff's counsel with all requested proof regarding the identification of the correct driver, including an email, affidavit, and photograph ID of Damien Pelrean.[9] However, despite agreeing to amend the Lawsuit to include only the correct parties, Plaintiff has not yet done so.[10]

6.

The actual driver, Damien Pelrean, is a resident and domiciliary of Harris County, Texas.[11]

7.

Given what is set forth above, this case meets the criteria for removal as a result of improper and/or joinder.[12] The Fifth Circuit has recognized "two ways to establish improper joinder: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'"[13] Further, when a lawsuit "has misstated or omitted discrete facts that would determine the propriety of joinder […] the district court may, in its discretion, pierce the pleadings and conducted a summary inquiry."[14] In this case, it is uncontested that the correct driver and party/Defendant to this case is Damien Pelrean. However – despite multiple requests and conveyed intent to do so – Plaintiff has not yet amended the Lawsuit to name only the correct parties. Accordingly, this matter is one in which this Court would have original jurisdiction, but for the presence of the improperly

---

[8] Affidavit of Damien Pelrean, September 24, 2022, attached hereto and marked as "Exhibit E."
[9] Driver's License of Damien Pelrean, attached hereto and marked as "Exhibit F." See also, "Exhibit D" and "Exhibit E."
[10] Emails, most recently dated October 13, 2022, attached hereto and marked as "Exhibit G."
[11] "Exhibit E," at ¶ 2.
[12] *Spillway Investments, L.L.C. v. Pilot Travel Centers, LLC*, CIV.A.04-2451, 2004 WL 2988491, at *3 (E.D. La. Dec. 14, 2004).
[13] *Spillway*, citing *Smallwood,* 385 F.3d at 573 (quoting *Travis v. Irby,* 326 F.3d 644, 646–47 (5th Cir.2003)).
[14] *Id*.

joined Defendant, Michael Woods.

8.

Plaintiff has agreed to amend the Lawsuit to remove Michael Woods as a Defendant and add Damien Pelrean, but has not done so to date – despite multiple follow-ups and requests by undersigned counsel.[15]

9.

Damien Pelrean has not yet been named or served with the Lawsuit. Therefore, in accordance with 28 U.S.C.A. § 1446(b)(2)(A), all Defendants who have been properly named and served in the action as of the time of this pleading requests and consent to removal.

10.

But for the improper joinder of Michael Woods, this action is one in which the District Courts of the United States have original jurisdiction in accordance with 28 U.S.C.A. § 1332(a)(1).

11.

The amount in controversy in this action also exceeds the jurisdictional threshold ($75,000.00) set forth in 28 U.S.C.A. §1332(a). In addition to the listed damages set forth above, Plaintiff's counsel also recently provided Defendant with medical records from several healthcare facilities that have provided treatment to Plaintiff. Attached are medical records from Plaintiff, which include Urgent Care treatment, x-rays, months of physical therapy, a lumbar MRI, a cervical MRI, epidural steroid injections at C5-6 and L5-S1, a referral for an MRI of his brain, a recommendation for an EMG and Nerve Conduction Study, and a recommendation medial branch block injections at L5-S1.[16] Additionally, Plaintiff has produced *some* medical

---

[15] "Exhibit G."
[16] Plaintiff's Medical Records, attached hereto and marked as "Exhibit H."

bills related to his treatment, which currently total – at least – $26,105.00.[17] Notwithstanding medical causation and medical necessity, damages awarded in cases involving multi-level disc bulges and herniations and traumatic brain injuries routinely exceed the jurisdictional threshold.[18]

**12.**

A copy of all process, pleadings, and orders served upon Defendant is attached to the Certificate of Filing State Court Record.

**13.**

This action is removable under and by virtue of the acts of Congress of the United States, 28 U.S.C.A. §§ 1332 and 1441, and Defendant desires to remove it to this Court.

**14.**

This Notice of Removal is timely because it has been filed within thirty (30) days of receipt of "other paper" upon which Defendant ascertained that the case is or has become removable in accordance with 28 U.S.C.A. § 1332(b)(3) and within one (1) year of the commencement of the aforementioned action.

**15.**

Accordingly, Defendant, Orkin, LLC, requests the above-entitled action be removed to this Court in accordance with the provisions of 28 U.S.C.A. § 1441, *et seq*.

(*Signature block on next page*)

---

[17] "Exhibit H."
[18] *Associated Terminals of St. Bernard, LLC, v. Potential Shipping, HK CO.*, 324 F.Supp.3d. 808 (Ed. La. 2018) ($225,000.00); *Lastrapes v. Progressive Security Insurance Company*, 2010-0051 (La. 11/30/10) 51 So.3d 659 ($195,000.00); *Donaldson v. Hudson Ins. Co.*, 2012-1013 (La. App. 4 Cir. 4/10/13), 116 So.3d 46 ($125,000.00); *Hieu Phuong Hoang v. Thornton Services*, 2015-0749 (La. App. 4 Cir. 4/27/16), 192 So.3d 864 ($200,000.00) *Ruffin v. Burton*, 2008-0893 (La. App. 4 Cir. 5/27/09); 34 So.3d 301 ($125,000.00).

| | |
|---|---|
| **CERTIFICATE OF SERVICE** | Respectfully submitted, |
| I HEREBY CERTIFY that a copy of the foregoing has this date been served on all known counsel of record in this proceeding by electronic mail. | **CONNICK AND CONNICK, LLC** |
| Metairie, Louisiana, this 13th day of October, 2022. | */s/ Matthew D. Moghis*<br>MATTHEW D. MOGHIS, LA BAR NO. 33994<br>W. PETER CONNICK, LA BAR NO. 14158<br>MICHAEL S. FUTRELL, LA BAR NO. 20819<br>TUCKER H. WIMBERLY, LA BAR NO. 37920<br>3421 N. Causeway Blvd., Suite 408<br>Metairie, Louisiana 70002<br>Telephone:  (504) 681-6658<br>Facsimile:  (504) 838-9903<br>E-mail:  *moghis@connicklaw.com* |
| */s/ Matthew D. Moghis*<br>MATTHEW D. MOGHIS | *Counsel for Defendant, Orkin, LLC* |