## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RICKY JONES,**<br>     **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO.  22-3870** |
| **ORKIN, LLC, ET AL.,**<br>     **Defendants** | **SECTION: "E" (4)** |

## ORDER AND REASONS

Before the Court is Defendants' motion for summary judgment that they had no duty to Plaintiff and that their conduct conformed to the appropriate standard of care.[1] Plaintiff Ricky Jones filed a memorandum in opposition[2] and Defendants filed a reply in support of summary judgment.[3] For the reasons that follow, the Court **DENIES** the motion.

## BACKGROUND

Plaintiff sued Defendants on July 22, 2022 in Civil District Court for the Parish of Orleans alleging he suffered serious injuries in a traffic accident on Royal Street in the French Quarter.[4] Plaintiff brings claims for negligence, vicarious liability, and respondeat superior.[5] The case was timely removed to the Eastern District of Louisiana on October 13, 2022, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.[6] On January 15, 2024, Defendants filed the instant motion[7] and attached a statement of uncontested material

---

[1] R. Doc. 29.
[2] R. Doc. 32.
[3] R. Doc. 36.
[4] R. Doc. 1-1.
[5] *See generally id.*
[6] R. Doc. 1.
[7] R. Doc. 29.

facts.[8] On February 7, 2024, Plaintiff filed a memorandum in opposition to Defendants'
motion.[9] The Court found Plaintiff's memorandum deficient due to a lack of precision in
Plaintiff's response to the Defendants statement of genuine issues of material fact.[10] In
response to the Court's order, Plaintiff filed a supplemental memorandum in opposition
to Defendants' motion for summary judgment[11] and attached a supplemental statement
of genuine issues of material fact.[12] On April 10, 2024, Defendants filed a sur-reply in
support of their motion for summary judgment.[13]

## <u>LEGAL STANDARD</u>

Summary judgment is appropriate only "if the movant shows that there is no
genuine dispute as to any material fact and the movant is entitled to judgment as a matter
of law."[14] "An issue is material if its resolution could affect the outcome of the action."[15]
When assessing whether a material factual dispute exists, the Court considers "all of the
evidence in the record but refrain[s] from making credibility determinations or weighing
the evidence."[16] All reasonable inferences are drawn in favor of the non-moving party.[17]
While all reasonable inferences must be drawn in favor of the non-moving party, the non-
moving party cannot defeat summary judgment with conclusory allegations,
unsubstantiated assertions or "only a scintilla of evidence."[18] There is no genuine issue of

---

[8] R. Doc. 29-8.
[9] R. Doc. 32.
[10] R. Doc. 39.
[11] R. Doc. 40.
[12] R. Doc. 40-1.
[13] R. Doc. 44.
[14] FED. R. CIV. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).
[15] *DIRECTV, Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005).
[16] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.,* 530 F.3d 395, 398–99 (5th Cir. 2008); *see also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150–51 (2000).
[17] *Little v. Liquid Air Corp*., 37 F.3d 1069, 1075 (5th Cir. 1994).
[18] *Delta & Pine Land Co*., 530 F.3d at 399 (quoting *Little v. Liquid Air Corp*., 37 F.3d 1069, 1075 (5th Cir. 1994)).

material fact if, even viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the nonmoving party, thus entitling the moving party to judgment as a matter of law.[19]

"Although the substance or content of the evidence submitted to support or dispute a fact on summary judgment must be admissible . . . the material fact may be presented in a form that would not, in itself, be admissible at trial."[20]

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact."[21] To satisfy Rule 56's burden of production, the moving party must do one of two things: "the moving party may submit affirmative evidence that negates an essential element of the nonmoving party's claim" or "the moving party may demonstrate to the Court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim."[22] If the moving party fails to carry this burden, the motion must be denied. If the moving party successfully carries this burden, the burden of production then shifts to the non-moving party to direct the Court's attention to something in the pleadings or other evidence in the record setting forth specific facts sufficient to establish that a genuine issue of material fact does indeed exist.[23]

If the dispositive issue is one on which the non-moving party will bear the burden of persuasion at trial, the moving party may satisfy its burden of production by either (1)

---

[19] *Hibernia Nat. Bank v. Carner*, 997 F.2d 94, 98 (5th Cir. 1993) (citing *Amoco Prod. Co. v. Horwell Energy, Inc.*, 969 F.2d 146, 147–48 (5th Cir. 1992)).

[20] *Lee v. Offshore Logistical & Transp., L.L.C.*, 859 F.3d 353, 355 (5th Cir. 2017) (citations omitted).

[21] *Celotex*, 477 U.S. at 323.

[22] *Id.* at 331.

[23] *Id.* at 322–24.

submitting affirmative evidence that negates an essential element of the non-movant's claim, or (2) affirmatively demonstrating that there is no evidence in the record to establish an essential element of the non-movant's claim.[24] If the movant fails to affirmatively show the absence of evidence in the record, its motion for summary judgment must be denied.[25] Thus, the non-moving party may defeat a motion for summary judgment by "calling the Court's attention to supporting evidence already in the record that was overlooked or ignored by the moving party."[26] "[U]nsubstantiated assertions are not competent summary judgment evidence. The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim. 'Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment.'"[27]

## LAW AND ANALYSIS

In Jones' amended complaint, he alleges he sustained serious injuries.[28] Jones further alleges Pelrean is "the sole and proximate cause" of the collision and brings specific claims of negligence for (1) failing to see what he should have seen, (2) failing to keep a careful lookout, (3) failing to maintain reasonable and proper control of his vehicle, (4) operating his vehicle carelessly and recklessly, (5) failing to yield, and (6) any other

---

[24] *Id.* at 331–32 (Brennan, J., dissenting).

[25] *See id.* at 332.

[26] *Id.* at 332–33. The burden would then shift back to the movant to demonstrate the inadequacy of the evidence relied upon by the non-movant. Once attacked, "the burden of production shifts to the nonmoving party, who must either (1) rehabilitate the evidence attacked in the moving party's papers, (2) produce additional evidence showing the existence of a genuine issue for trial as provided in Rule 56(e), or (3) submit an affidavit explaining why further discovery is necessary as provided in Rule 56(f)." *Id.* at 332–33, 333 n.3.

[27] *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Celotex*, 477 U.S. at 324; *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) and quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915–16 & n.7 (5th Cir. 1992)).

[28] R. Doc. 12 ("Amended and Restated Complaint") at p. 3 ¶ 12.

acts of negligence.[29] Jones also brings claims of negligence, "under the doctrines of vicarious liability and respondeat superior," against Orkin for (1) the negligence of its employee or agent, Pelrean, (2) allowing its vehicle to be driven by an unsafe and/or unskilled driver, (3) failing to instruct its driver in the proper operation of its vehicle, and (4) any other acts of negligence.[30]

Defendants seek summary judgment in their favor as to all Jones' claims, asserting Jones operated his bicycle negligently on a one-way street and that drivers owe no duty of care to those who fail to follow "the rules of the road."[31] Defendants assert Jones is "the sole cause of the accident."[32]

The following material facts are undisputed. On the evening of July 7, 2021,[33] a collision of Defendant Pelrean's vehicle and Plaintiff Jones' bicycle occurred in New Orleans' French Quarter on St. Louis Street.[34] Both parties agree that Pelrean, driving a truck provided by Orkin, completed his turn from Royal Street onto St. Louis Street,[35] and that Jones continued biking on St. Louis Street.[36] It is also undisputed that St. Louis Street is a one-lane street with cars legally parked on the right side of the street.[37]

Other material facts remain in dispute. Defendants assert it is an undisputed fact that Jones attempted to "overtake" Pelrean's vehicle and pass it on the right side as Jones

---

[29] *Id.* at p. 2-3 ¶ 9.
[30] *Id.* at p. 2 ¶ 8.
[31] R. Doc. 29 at 5.
[32] *Id.*
[33] R. Doc. 29-8 ("Statement of Uncontested Material Facts In Support of Motion for Summary Judgment") at p. 1 ¶ 1; R. Doc. 40-1 ("Plaintiff's Supplemental Statement of Genuine Issues of Material Facts in Opposition to Defendants' Motion for Summary Judgment") at p. 1 ¶ 1.
[34] R. Doc. 29-8 at p. 2 ¶ 8 and ¶ 17; R. Doc. 40-1 at p. 2 ¶ 8 and p. 4 ¶ 17 (Plaintiff denies that he was operating his bicycle in an area not laned for traffic but does not dispute the collision occurred on St. Louis Street).
[35] R. Doc. 29-8 at p. 2 ¶ 8; R. Doc. 40-1 at p. 2 ¶ 8.
[36] R. Doc. 29-8 at p. 2 ¶ 9; R. Doc. 40-1 at p. 2 ¶ 9.
[37] R. Doc. 29-8 at p. 1 ¶ 5; R. Doc. 40-1 at p. 2 ¶ 5.

biked along St. Louis Street.[38] Pelrean further asserts in his deposition that he "felt like [Jones] came out of nowhere."[39] In opposition, Jones denies this fact is undisputed[40] and asserts in his declaration that he rode his bike "at an average pedaling speed on St. Louis Street"[41] and "continued pedaling at the same speed."[42] In his deposition, Jones also testified he kept "a steady pace."[43] Whether Jones sped up in an attempt to pass Pelrean's truck or whether he kept biking at the same pace is in dispute. Defendants assert it is an undisputed fact that Pelrean "carefully and legally, began to turn into the parking spot."[44] Plaintiff disputes their assertion first as being a conclusion of law, not a fact, and second, because Pelrean pulled forward into the parking spot rather than reversing into the parking lot, a violation of the Louisiana Office of Motor Vehicles Class D &E Drivers Guide.[45] Whether Pelrean carefully and legally pulled into the parking spot is disputed. Furthermore, the parties dispute whether Pelrean turned on his right blinker to signal his turn into a parking space and whether Jones could have observed the signal.[46] In Pelrean's deposition, Pelrean said that as soon as he found "an open spot," he "put [his] blinker on."[47] Pelrean said he "proceed[ed] to start turning my wheel and that's when a collision happened."[48] In opposition, Jones asserts in his declaration that "Pelrean did not turn on his turn signal before he turned into me. I would have seen the signal if Pelrean had used

---

[38] R. Doc. 29-8 at p. 2 ¶ 10.
[39] R. Doc. 29-4 at 25:4-5.
[40] R. Doc. 40-1 at p. 3 ¶ 10.
[41] Jones Declaration, ¶ 2. Defendants object to Plaintiff providing a declaration in his opposition to the motion. Declarations are appropriate summary judgment evidence. Fed. R. Civ. P. 56(c)(1)(A).
[42] *Id.* at ¶ 3.
[43] R. Doc. 32-3 at 50:5.
[44] R. Doc. 29 at p. 9 ¶ 16.
[45] R. Doc. 40-1 at p. 4 ¶ 16.
[46] R. Doc. 29-8 at p. 2 ¶ 14 (Defendants assert that Plaintiff "was looking straight ahead") and ¶15; R. Doc. 40-1 at p. 3 ¶ 14 (Plaintiff asserts that "Jones was looking forward, but he could see Pelrean's Orkin vehicle with his peripheral vision, and he clearly saw that Pelrean did not signal to turn illegally into a parallel parking space.) and ¶ 15.
[47] R. Doc. 32-2 at 23:4-5.
[48] *Id.* at 23:5-7

it. I didn't see it because he didn't turn it on."[49] Whether Pelrean turned on his blinker to signal his turn into the parking space is in dispute. It is clear from deposition testimony and Plaintiff's Declaration that there remain disputed material facts.

Jurisdiction in this matter is based on diversity. The Court will apply Louisiana negligence law.[50] Louisiana employs a duty-risk analysis in determining liability for negligence.[51] A plaintiff must prove five elements:

> (1) the defendant had a duty to conform his or her conduct to a specific standard of care; (2) the defendant failed to conform his or her conduct to the appropriate standard of care; (3) the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries; (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries; and (5) actual damages.[52]

The question of whether a duty is owed, and the scope of that duty, is a question of law. Whether there was a breach of the duty, whether the substandard conduct was the cause-in-fact and legal cause of the damages, and whether damages resulted, are questions of fact.[53]

Louisiana courts have recognized the five-factor negligence inquiry presents a particularly difficult challenge at the summary judgment stage, because "a negative answer to any of the inquiries of the duty/risk analysis results in a determination of no liability."[54] "The use of summary judgment is rarely appropriate in negligence . . . cases,

---

[49] R. Doc. 40-4 ("Declaration of Ricky Jones") at ¶ 4.
[50] *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938).
[51] *Bufkin v. Felipe's Louisiana, LLC*, No. 2014-0288, 171 So.3d 851, 855 (La. Oct. 15, 2014).
[52] *Id.*
[53] *Teter v. Apollo Marine Specialties, Inc.*, No. 2012-1525, 115 So. 3d 590, 598 (La. App. 4 Cir. April 10, 2013).
[54] *Hanks v. Entergy Corp.*, No. 2006-477, 944 So.3d 564, 579 (La. Dec. 18, 2006).

even where the material facts are not disputed."[55] Louisiana courts have made clear that summary judgment should not be granted on particular elements of a negligence claim, because, "by dividing the issue of liability into smaller issues. . . . [t]here is a possibility of confusion arising out of the factual interrelationship between the adjudicated element and the unadjudicated element that could lead to inconsistent rulings and piecemeal litigation."[56] In other words, summary judgment "may not be granted for purposes of determining a particular element of liability where such a determination is not completely dispositive of the question of liability between the parties concerning the claim and where other issues such as comparative fault remain unresolved."[57]

The Court is mindful of the Fifth Circuit's admonition that "the use of summary judgment is rarely appropriate in negligence" cases[58] because the trier of fact must determine the reasonableness of conduct and whether the conduct constitutes negligence, even when the facts are undisputed:

> Because of the peculiarly elusive nature of the term 'negligence' and the necessity that the trier of facts pass upon the reasonableness of the conduct in all the circumstances in determining whether it constitutes negligence, it is the rare personal injury case which can be disposed of by summary judgment, even where the historical facts are concededly undisputed.[59]

[55] *Davidson v. Stanadyne, Inc.*, 718 F.2d 1334, 1338–39 (5th Cir. 1983) (citing *Marsden v. Patane*, 380 F.2d 489, 491 (5th Cir. 1967); *Gross v. Southern Railway Co.*, 414 F.2d 292, 296 (5th Cir.1969); *Croley v. Matson Navigation Co.*, 434 F.2d 73, 75 (5th Cir.1970); *King v. Avtech Aviation, Inc.*, 655 F.2d 77, 78 (5th Cir. 1981); 10A Wright, Miller & Kane, Federal Practice and Procedure § 2729 at 195 (1983)).
[56] *Jones v. LSU Health Sciences Center-Shreveport*, 880 So. 2d 269, 270 (La. App. 2 Cir. Sept. 2, 2004).
[57] *Williams v. City of New Orleans*, 637 So. 2d 1130, 1132 (La. App. May 17, 1994), writ denied, 644 So. 2d 632 (La. Oct. 7, 1994).
[58] *Davidson*, 718 F.2d at 1338.
[59] *Gauk v. Meleski*, 346 F.2d 433, 437 (5th Cir. 1965).

Thus, a federal court sitting in Louisiana will grant summary judgment in a negligence case only in "rare circumstances."[60] "It is usually for the jury to decide whether the conduct in question meets the reasonable man standard."[61] This remains especially true if the element at issue is causation, as a court should "decide the issue of causation on summary judgment [only] if the allegation is so frivolous and obviously impossible as to fall short of presenting a genuine issue of material fact."[62]

In this case, Defendants are seeking summary judgment on only two elements of the duty-risk analysis—whether they had a duty to Plaintiff and whether their conduct conformed to the appropriate standard of care. Louisiana courts have made clear that summary judgment should not be granted on particular elements of a negligence claim because to do so "could lead to inconsistent rulings and piecemeal litigation."[63] Furthermore, there are facts in dispute with respect to the contributory negligence of the Plaintiff. The trier of fact must determine the reasonableness of the Plaintiff's conduct and whether the conduct constitutes negligence.[64] Finally, Defendants seek summary

---

[60] *Davidson*, 718 F.2d at 1339 & n.8 ("In tort actions in which determinations of a less "elusive nature," such as the existence of an agency relationship, waiver, or whether a plaintiff is in a class protected by a statute, are dispositive, summary judgment may more often be appropriate." (citing 10A Wright, § 2729 at 197–201)); see also *Keating v. Jones Development of Mo., Inc.*, 398 F.2d 1011, 1015 (5th Cir. 1968) ("Negligence is a seldom enclave for trial judge finality. Negligence is a composite of the experiences of the average man and is thus usually confined to jury evaluation.").

[61] *Matthews v. Ashland Chem.*, 703 F.2d 921, 925 (5th Cir. 1983) (quoting 10 WRIGHT, MILLER, & KANE, FEDERAL PRACTICE AND PROCEDURE, § 2729 (2d ed. 1983)).

[62] *Tidewater Marine, Inc. v. Sanco Intern., Inc.*, 1997 WL 543108 at *5 (E.D. La. Sept. 3, 1997) (quoting *Del Valle v. Marine Transp. Lines, Inc.*, 582 F. Supp. 573, 578 (D.P.R. 1984), and citing *Bonmarito v. Pendrod Drilling Corp.*, 929 F.2d 186, 188 (5th Cir. 1991)).

[63] *Jones v. LSU Health Sciences Center-Shreveport*, 880 So. 2d at 270.

[64] Defendants cite to cases in which Louisiana courts granted motions for summary judgment dismissing plaintiffs' petitions because the plaintiff cyclists were found to be entirely at fault. However, the cases Defendants cite involve cyclists who were found to be cycling in the wrong direction on a one-way street (*see* R. Doc. 29 at p.19-20, citing *James v. Duplantis*, 2020-0789 (La. App. 1 Cir. 2/25/21, 1) (cyclist traveled eastbound in the wrong direction on a one-way street); *Lennard v. Champaign*, 05-174 (La. App. 5 Cir. 11/29/05); 917 So.2d 1134, *writ denied*, 2005-2593 (La. 4/17/06); 926 So.2d 516 (as the defendant attempted to turn into a parking lot, the plaintiff biked into the center lane against the flow of traffic)). In this case, Plaintiff Jones was cycling in the *correct* direction, following the flow of traffic on the one-way street on which the collision with Defendant Pelrean occurred.

judgment that they owed no duty to the Plaintiff, but the question of whether a duty is owed and the scope of that duty is a question of law.

After the presentation of testimony at trial, in connection with the formulation of the jury instructions and jury verdict form in this case, the Court will decide whether sufficient evidence of Defendants' negligence and breach of the duty of care has been presented for the issues to be submitted to the jury. Defendants are not entitled to summary judgment on these issues. Such a determination would not be completely dispositive of the question of liability between the parties and other issues such as comparative fault would remain unresolved.

## **CONCLUSION**

For the foregoing reasons, **IT IS ORDERED** that Defendants' motion for summary judgment is **DENIED**.

**New Orleans, Louisiana, this 15th day of April, 2024.**

**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**